# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 22, 2018

```
* * * * * * * * * * * * * * * * * *
NOEMI FRETTE, on behalf of her      *          UNPUBLISHED
minor child N.F.,                   *
                                    *          No. 14-1105V
                Petitioner,         *
v.                                  *          Special Master Gowen
                                    *
SECRETARY OF HEALTH                 *          Attorneys' Fees and Costs;
AND HUMAN SERVICES,                 *          Denial of Entitlement; Reasonable
                                    *          Basis; Special Master's Discretion.
                Respondent.         *
                                    *
* * * * * * * * * * * * * * * * * *
```

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
Darryl R. Wishard, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 13, 2014, Noemi Frette ("petitioner") filed a petition on behalf of her minor child, N.F., under the National Vaccine Injury Compensation Program (the "Vaccine Act" or the "Vaccine Program").[2] Petitioner alleged that as a result of receiving a diphtheria-tetanus-acellular pertussis ("DTaP") vaccine on April 2, 2013, N.F. suffered injuries that were subsequently diagnosed as epilepsy, with onset occurring within approximately one week. Respondent filed a Rule 4(c) report recommending against compensation, in part because he disputed the alleged onset. After the parties filed reports from their respective experts in pediatric neurology and they were offered a hearing date, the parties agreed and requested that entitlement should be determined without a hearing. On December 29, 2017, I issued a decision denying entitlement. Decision (ECF No. 44).

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

On January 12, 2012, petitioner filed an application for attorneys' fees and costs. Petitioner's ("Pet.") Application ("App.") (ECF No. 45). The application provides that petitioner does not intend to appeal the entitlement decision. It provides that petitioner did not pay any expenses associated with the pursuit of this claim and that all expenses were borne by her counsel, pursuant to General Order No. 9. Petitioner requests $38,741.00 in attorneys' fees and $6,131.99 in attorneys' costs, for a total request of $44,872.99 for attorneys' fees and costs.

On January 16, 2018, respondent filed a response to petitioner's application for attorneys' fees and costs. Respondent's ("Resp.") Response (ECF No. 46). Respondent is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case. Respondent respectfully recommends that I exercise my discretion and determine whether an award for attorneys' fees and costs is warranted in this case, and if so, determine a reasonable amount. *Id.* at 3. Petitioner's counsel informally informed my law clerk that petitioner does not intend to file a reply. The matter is now ripe for adjudication.

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation, but otherwise establishes that the petition was filed in good faith and with a reasonable basis. 42 U.S.C. § 300aa-15(e) (1). I find no cause to doubt the good faith or reasonable basis of bringing this claim, which, even though not successful, was supported by several fact witnesses' signed statements and competent expert opinions. Additionally, respondent has not objected to the good faith or reasonable basis of the claim. Accordingly, I find that petitioners are entitled to an award of reasonable attorneys' fees and costs.

Based on my experience and my review of the motion and supporting documentation, the request appears reasonable. The majority of the requested hourly rates are consistent with my decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 9-293v, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015); the Office of Special Masters' fee schedule; and my previous decisions awarding attorneys' fees to Mr. Downing and his staff. I find that they are reasonable and should also be awarded in this case.[3] Neither do I find cause to adjust the time expended or the costs, which are well-documented. Thus, the requested attorneys' fees and costs should be awarded in full.

In accordance with the foregoing, petitioner's application for attorneys' fees and costs is **GRANTED**. Accordingly, I award the following:

---

[3] Petitioner's application for attorneys' fees and costs provides that on January 1, 2018, Mr. Downing and his associate Ms. Courtney Van Cott implemented rate increases which are purportedly consistent with the annual growth rate contemplated in *McCulloch* and within the applicable hourly rate ranges for those individuals. Pet. App. at 3. The application does not include any further discussion of the reasonableness of these rates. Additionally, the application only contains one time entry in 2018 by Mr. Downing and none by Ms. Van Cott. Thus, this decision does not constitute a determination as to whether the 2018 rates are reasonable.

1) **A lump sum in the amount of $44,872.99 (representing reimbursement for attorneys' fees and costs), in the form of a check made payable jointly to petitioner and her counsel, Andrew D. Downing of Van Cott & Talamante, PLLC.** [4]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' separately or jointly filing notice renouncing their right to seek review.